# UNITED STATES DISTRICT COURT

*DISTRICT OF ARIZONA*

**UNITED STATES OF AMERICA**
**V.**
**MATTHEW CODY**
**YOB: 1980**

**CASE NUMBER:** 09-3107M

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief.

**See Attached Charges Incorporated By Reference Herein**

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms and that this complaint is based on the following facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein**

AUTHORIZED BY: Special Assistant U.S. Attorney Kathy Lemke

**Aimet L. Morales**

_____
Name of Complainant

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 26, 2009
Date

Phoenix, Arizona
City and State

LAWRENCE O. ANDERSON
United States Magistrate Judge

Signature of Judicial Officer

## COUNT 1

On or about December 10, 2008, in the District of Arizona, defendant, MATTHEW CODY, in connection with the acquisition of a firearm, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Legendary Guns of the West, Inc., located in the District of Arizona, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, that is, defendant, MATTHEW CODY, did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, form 4473, Firearms Transaction Record, stating that he resided at 1004 S. Ash, Payson, Arizona, whereas in truth and in fact, as defendant, MATTHEW CODY well knew, that he did not reside at that location on the date he purchased the Ruger, model P94, .40 caliber semi-automatic pistol.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

AFFIDAVIT

I, Aimet L. Morales being duly sworn hereby depose and say:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a Special Agent with ATF for four years as an investigator of the federal firearms and explosive laws. While employed as a Special Agent, I have attended and completed the Criminal Investigator School and the ATF Special Agent Basic Training course at the Federal Law Enforcement Training Center, Glynco, Georgia in 2006. I have also attended the ATF Complex Investigation's course in 2008. During this time, I have investigated violations of the federal firearms laws in the course of my official duties. As a result of these investigations, I have prepared, executed, or assisted in the execution of numerous arrest warrants and search warrants.

2. As a result of my training and experience, I am familiar with the federal firearms laws. I know that it is a violation of Title 18, United States Code, Section 924(a)(1)(A) if a person knowingly makes any false statement or representation with respect to the information required by Chapter 44 to be kept in the records of a person licensed under Chapter 44 in connection with the acquisition of firearms.

3. Your affiant knows that dealers, who are Federal Firearm Licensee (FFL), are licensed under and required by Chapter 44 to complete and maintain for all firearms sold an ATF form 4473, Firearms Transaction Record. A purchaser of a firearm from an FFL is required to fill out the ATF form 4473 that requests basic biographical information, including the current address for the individual's

1

residence, and requires the individual to truthfully answer a series of questions regarding the firearm purchase.

4. In the course of your affiant's investigation, I have reviewed, and/or caused to be reviewed by fellow agents, all firearms transaction records listed below or reports of such transactions submitted to ATF by the actual FFL dealers listed below.

5. In November 2008, your affiant received information that a Native American male, approximately six (6) feet three (3) inches tall, weighing 210 pounds with the name of Matthew CODY (YOB 1980) was currently purchasing firearms at gun shows and from FFLs. CODY would then re-sell the firearms to prohibited possessors and gang members in the Phoenix area.

6. While reviewing recovery reports, your affiant discovered that two firearms purchased by CODY and four firearms purchased by his spouse, Nichelle Cody, were recovered at crime scenes in the possession of documented gang members or felons.  CODY and his wife purchased from 2003 to 2006 these six firearms that were then recovered 10 days to 21 months after the purchase at various crime scenes.

7. On January 28, 2009, your affiant contacted Legendary Guns of the West, Inc., an FFL, located at 5130 N. 19th Avenue, Phoenix, Arizona. While reviewing the Acquisition and Disposition (A&D) books of this FFL, your affiant found CODY made one purchase on December 10, 2008. A&D books are records where every firearm transaction conducted by the FFL is required to be listed. Your affiant reviewed the ATF form 4473 completed by CODY for the purchase of one (1) Ruger, model P94, .40 caliber semi-automatic pistol. CODY listed his current

2

residence address as 1004 S. Ash, Payson, Arizona. CODY signed this form certifying that the information he provided was true a correct. Again, CODY did not reside at that residence on December 10, 2008 when he purchased the firearm from Legendary Guns of the West, Inc.

8. On February 24, 2009, your affiant queried Matthew CODY through the Department of Economics Security (DES). The query revealed CODY has not received any earnings since the first quarter of 2008. The query also revealed that he and his spouse, Nichelle Cody, reside at 3422 N. 12th Place, Unit #102, Phoenix, Arizona. DES informed your affiant that Matthew CODY and Nichelle Cody last updated their address on September 13, 2007 and was current as of that date.

9. In January 2008, you affiant contacted United States Postal Service (USPS) who checked with the delivery stations regarding delivery for Matthew CODY and Nichelle Cody at 1004 S. Ash Street, Payson, Arizona. The USPS carrier servicing that address stated that there are people living at the residence who have never provided their names and for that reason the mail was being sent back to the sender. The USPS carrier advised that she did not know the occupants' names but they were residing at that residence for approximately six (6) months. The carrier stated that she was seeing mail addressed to Matthew CODY and was returning it to sender.

10. The USPS carrier servicing 3422 N. 12th Place, Unit #102, Phoenix, Arizona stated that both Matthew CODY and Nichelle Cody were receiving mail at this address.

3

11. On or about January 29, 2009, ATF contacted Arizona Public Service (APS) who advised that the account on 3422 N. 12th Place, Unit #102, Phoenix, Arizona was in the name of Nichelle Cody. They advised that the electricity was turned-on on August 1, 2007 and was active as of that date.

12. On January 22, 2009, your affiant and Special Agent MacKenzie knocked on the door of 1004 S. Ash Street, Payson, Arizona. The door was answered by a female that verbally identified herself. Your affiant confirmed her name through a driver's license that she provided. Special agents identified themselves and then asked to speak to Matthew CODY. The female occupant advised that CODY did not reside at that residence and when asked if she knew him or recognized the photo provided, the female occupant stated that she did not. The female occupant stated that her parents purchased that residence in 2008 and she subsequently moved into the residence in September, 2008. She stated that she lived alone and her parents purchased the property for her to move into. The female occupant stated that she did not know who resided at the residence prior to her.

13. On February 23, 2009, your affiant contacted the current owner of 1004 S. Ash, Payson, Arizona. The owner stated that he and his wife purchased the residence on or about April of 2008 from a retired attorney. He stated that he believed the retired attorney was previously renting the property. When asked if he knew a Matthew or Nichelle CODY, the current owner stated that he did not. He stated that his daughter was currently living at the residence alone and had never had a roommate by the name of Matthew CODY.

4

14. On February 23, 2009, your affiant contacted the previous owners of 1004 S. Ash, Payson, Arizona. The previous owners stated that they purchased that property in February of 2005 and sold it in May of 2008. The previous owners stated that during that period they leased the property four separate times to four separate families. The previous owners stated that they did not know a Matthew CODY or Nichelle Cody and had never leased the property to them.

15. On March 25, 2009, the Bureau of Alcohol, Tobacco, Firearms & Explosives served a search warrant at Matthew CODY's last known residence located at 2308 W. Alta Vista Road, Phoenix, Arizona. Your affiant made contact with Matthew CODY and advised him that he was under arrest. Your affiant subsequently read Matthew CODY his Miranda rights off a standard Miranda card. When asked if he understood his rights, Cody stated that he did. During the interview of Matthew CODY, he stated that he has resided at his current residence (2308 W. Alta Vista Road) for approximately one month. He stated that his previous residence was 3422 N. 12th Place, Unit #102, Phoenix, Arizona. He stated that he lived at that address from approximately July 2007 to February 2009. CODY could not specifically recall the exact address prior to July 2007; however, he remembered it was somewhere on Longview Road.

16. When asked about the address on the ATF Form 4473 signed by CODY identified as 1004 S. Ash, Payson, Arizona, CODY stated that it was the address on his driver's license. When asked if ever resided at that location, CODY stated that he stayed there with his grandparents "a long time ago", before they passed away.

5

CODY could not recall the exact dates; however, stated that it was prior to getting married to his wife. He stated that he has been married for approximately 4 years.

17. When asked why he used the Payson address on ATF Forms 4473, under "Section A, Question 2-- Current Residence Address", CODY stated that he wrote down the address on his driver's license, which was 1004 S. Ash, Payson, Arizona, because he knew that the FFL would not sell him firearms if the address did not match his driver's license. Matthew CODY knew that the address on his driver's license was not current.

18. Based on the foregoing, your affiant submits that there is probable cause to arrest MATTHEW CODY for violation of Title 18, Section 924 (a)(1)(A).

Aimet L. Morales
Special Agent, ATF

Subscribed and sworn to me this 26th day of March, 2009.

LAWRENCE O. ANDERSON
UNITED STATES MAGISTRAGE JUDGE

6